

FILED
MAY 15 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ANDREW HARDEN, | \* | CIV 05-4161 |
| Petitioner, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| RICARDO MARTINEZ, Warden, FRANK GIAGANTI, UDC, and RITA BUTLER, UDC; | \* | |
| Respondents. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Andrew Harden, an inmate at the Federal Prison Camp in Yankton, South Dakota, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks an injunction against sanctions that were imposed on him after in disciplinary proceedings, expungement of two incident reports from his disciplinary record, and the return of property that was taken from his cell during a search by prison authorities.

Respondents' Answer and Return raises the question whether § 2241 is the appropriate vehicle for Petitioner's claims. The purpose of federal habeas petitions is to challenge the duration or length of confinement, and to seek immediate or speedier release from imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475 (1971). Petitioner asserts no such claims in this case. Rather, he alleges constitutional violations by federal officials which affect the conditions of his confinement. These claims must be brought in a civil action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Usually the Court would give Petitioner the option of having his § 2241 construed as a *Bivens* action, in which case he would be subject to the 1996 Prison Litigation Reform Act ("PLRA") and the act's requirement that he pay the civil action filing fee of $350 rather than the $5 filing fee for

habeas petitions. That option is unavailable here due to Petitioner's admitted failure to exhaust his administrative remedies prior to filing his petition. The exhaustion provision of the PLRA, set forth at 42 U.S.C. § 1997e(a), governs *Bivens* actions and requires their dismissal if filed prior to exhaustion of administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002) (ruling that "[o]nce within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory . . . . Thus federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). The Eighth Circuit explained that if a prisoner does not exhaust his administrative remedies before filing suit, dismissal is mandatory:

> Under the plain language of [42 U.S.C.] section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Accordingly,

IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 is denied without prejudice to Petitioner's right to file a *Bivens* action.

Dated this 15th day of May, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK,

BY: Sharon Knute
(SEAL)        DEPUTY